BLD-027                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2211
_____

IN RE: DAVID HATCHIGIAN AND JOAN RANDAZZO
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:21-cv-03416)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 10, 2022

Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed:  December 8, 2022)
_____

OPINION[*]
_____

PER CURIAM

In March 2022, following an adverse jury verdict in a civil action, Petitioners

David Hatchigian and Joan Randazzo filed a motion in the United States District Court

for the Eastern District of Pennsylvania seeking a new trial or, in the alternative, to alter

or amend the judgment.  <u>See</u> Fed. R. Civ. P. 59.  In July 2022, Petitioners submitted a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 with this Court, requesting an order directing the District Court to rule on the Rule 59 motion. By order entered September 6, 2022, the District Court denied the motion.

In light of the District Court's action, Petitioners' mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").